Willie James GLOVER, Plaintiff-Appellee,

v.

ALABAMA DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellants.

No. 83–7122.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1985.

---

Jack M. Curtis, Montgomery, Ala., for Towns.

Bobby N. Bright, Gen. Counsel, Ala. Dept. of Corrections, Montgomery, Ala., for State of Ala., Dept. of Corrections.

Frank Wilson, Montgomery, Ala., for plaintiff-appellee.

ON PETITIONS FOR REHEARING
AND SUGGESTION FOR
REHEARING EN BANC

(Opinion June 18, 1984, 11 Cir.,
1984, 734 F.2d 691).

Before GODBOLD, Chief Judge, RONEY and SMITH*, Circuit Judges.

PER CURIAM:

Judgment was ordered against Towns in his individual capacity since the Eleventh Amendment barred recovery for actions taken in his official capacity. Towns' actions were taken, though, while he was on duty. Throughout the litigation and on appeal, Towns was represented by the At-

* Honorable Edward S. Smith, U.S. Circuit Judge

torney General. Pursuant to the discretionary power of the court to award attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C.A. § 1988, the fact that damages were awarded against Towns in his individual capacity did not preclude the assessment of attorney's fees against the State. *See Williams v. Thomas*, 692 F.2d 1032, 1039 (5th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983).

IT IS, THEREFORE, ORDERED that the Petitions for Rehearing are DENIED, and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.